Approved: *Margaret Graham* (signature)
MARGARET GRAHAM
Assistant United States Attorney

Before: THE HONORABLE SARAH NETBURN
United States Magistrate Judge
Southern District of New York

ORIGINAL

U.S. DISTRICT COURT FILED FEB 26 2004 S.D. OF N.Y.

14 MAG 610

------------------------------x

UNITED STATES OF AMERICA

    - v. -

RODNEY SPRATLEY,

            Defendant.

: **SEALED COMPLAINT**

: Violation of 18 U.S.C. § 922(g)(1)

: COUNTY OF OFFENSE:
: BRONX

------------------------------x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    JAMA JOSEPH, being duly sworn, deposes and says that he is a Detective with the New York City Police Department, and charges as follows:

### COUNT ONE

    1. On or about March 3, 2014, in the Southern District of New York, RODNEY SPRATLEY, the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce ammunition, to wit, one Winchester .22 long rifle caliber cartridge and two Cascade Cartridge .22 long rifle caliber cartridges, which previously had been shipped and transported in interstate and foreign commerce.

    (Title 18, United States Code, Section 922(g)(1).)

    The bases for my knowledge and for the foregoing charge, are, in part, as follows:

    2. I am a Detective with the New York City Police Department ("NYPD"). I have been personally involved in the investigation of this matter. This Affidavit is based upon my personal participation in the investigation, my examination of

reports and records, and my conversations with other law enforcement personnel and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. I have spoken with an NYPD officer ("Officer-1"), who told me, among other things, the following:

a. On March 3, 2014, Officer-1 was on patrol with his partner ("Officer-2"), riding in an unmarked car driven by Officer-2 (the "Patrol Car"), when he heard a NYPD radio transmission stating that two black men with a gun were seen in the vicinity of 1750 Sedgwick Avenue, Bronx, New York ("the Apartment Building").

b. Shortly after hearing this transmission, Officer-1 observed a car unlawfully parked in the vicinity of the Apartment Building (the "Target Car"). Officer-2 made a U-turn, and pulled the patrol car alongside the Target Car. Officer-1 observed one man in the driver's seat ("CC-1"), RODNEY SPRATLEY, the defendant, in the rear passenger seat, and a third man outside near the car, who Officer-1 believed was about to urinate ("CC-2").

c. Officer-2 briefly turned on the police lights of the Patrol Car. Officer-1 and Officer-2 showed the men in the car their police shields.

d. RODNEY SPRATLEY, the defendant, then motioned in an urgent fashion to CC-1 to drive away from the Patrol Car. CC-1 began driving the Target Car north on Sedgwick Avenue. Officer-1 and Officer-2 followed behind in the Patrol Car. CC-2 was not in the Target Car.

e. After a short distance, the Target Car slowed down, and SPRATLEY opened the car door, hopped out of the Target Car, and began running north on the sidewalk of Sedgwick Avenue.

f. Officer-1 told Officer-2 to stop the car, and then Officer-1 hopped out of the Patrol Car and began running after SPRATLEY.

g. Proceeding north of the Apartment Building on Sedgwick Avenue, there is a parking area adjacent to the Apartment Building ("the Parking Lot"). Between the sidewalk and the Parking Lot, there is a small embankment with a slight slope, leading up to a chain-link fence (the "Embankment"). At the northernmost end of the Parking Lot, there is a ramp where cars may enter.

h. Officer-1 chased SPRATLEY north along the sidewalk of Sedgwick Avenue. When SPRATLEY arrived alongside the Embankment, Officer-1 observed him remove a black object from his front right side and throw it to the right. Officer-1 observed the object travel up and to the right, heard the object hit several tree branches, and heard the object skid along the pavement of the Parking Lot.

i. SPRATLEY then stopped just past the entrance ramp of the Parking Lot and lay down on the sidewalk with his arms and legs out.

j. Officer-1 handcuffed SPRATLEY and walked him back towards the Apartment Building. Officer-1 secured SPRATLEY in the back of a patrol car, then returned to the Parking Lot.

k. Officer-1 walked up the Embankment and observed, through the fence, a black gun lying on the ground in the center of the Parking Lot (the "Firearm"). He then walked up the entry ramp into the Parking Lot, where he recovered the gun.

4. I have spoken with Officer-2, who told me, among other things, the following:

a. After Officer-1 and Officer-2 pulled the Patrol Car alongside the Target Car, showed its occupants their shields, and indicated that they were police officers, Officer-2 observed RODNEY SPRATLEY, the defendant, gesture to CC-1 to drive away from the Patrol Car. When the Target Car began driving north on Sedgwick Avenue, Officer-2 put on the lights and sirens of the Patrol Car and followed.

b. When Officer-1 exited the Patrol Car, Officer-2 drove north on Sedgwick Avenue alongside Officer-1 and SPRATLEY, who were on the sidewalk. When the Patrol Car was alongside the Parking Lot, Officer-2 heard Officer-1 yell that SPRATLEY had thrown something. Officer-2 observed Officer-1 arrest SPRATLEY a short time thereafter.

c. After SPRATLEY and CC-1 were secured, Officer-2 accompanied Officer-1 to the Parking Lot. Officer-2 observed the Firearm lying on the ground in the center of the Parking Lot, and observed Officer-1 recover the Firearm.

d. From the time that SPRATLEY exited the Target Car until Officer-1 recovered the gun, Officer-2 did not observe any pedestrians in the area of the Parking Lot, nor did he observe any cars stop in that area.

5. I have reviewed an NYPD Firearms Report, which identifies the ammunition that was recovered on March 3, 2014, from the Firearm as one Winchester .22 long rifle caliber cartridge and two Cascade Cartridge .22 long rifle caliber cartridges.

6. I have communicated with an ATF Special Agent who is familiar with the manufacturing of ammunition. This agent has informed me that Winchester .22 long rifle caliber cartridges and Cascade Cartridge .22 long rifle caliber cartridges have never been manufactured in the State of New York.

7. I have reviewed criminal history records pertaining to RODNEY SPRATLEY, the defendant, which indicate that SPRATLEY was convicted on or about September 24, 2003, in New York Supreme Court, Bronx County, of Attempted Murder in the Second Degree, a Class B felony, in violation of New York Penal Law 125.25, Subsection 1, as well as Robbery in the First Degree, a Class B felony, in violation of New York Penal Law 160.15, Subsection 1.

WHEREFORE, the deponent respectfully requests that a warrant issue for the arrest of RODNEY SPRATLEY, the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

_____
JAMA JOSEPH
DETECTIVE
NEW YORK CITY POLICE DEPARTMENT

Sworn to before me this
26th day of March, 2014

_____
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

5